# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TONY ADDISON**  **PETITIONER**
**ADC #089168**

v.     Case No. 5:19-cv-00112-BSM-JTK

**DEXTER PAYNE,** *Director*,
Arkansas Department of Correction[1]     **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSTION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District

---

[1] Dexter Payne replaced Wendy Kelley as the prison director on or about July 26, 2019.

Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Pending before the Court is the Petition for Writ of Habeas Corpus, Doc. No. 2, filed by Petitioner, Tony Addison, an inmate in the Arkansas Department of Correction (ADC). For the reasons outlined below, the undersigned recommends the petition be denied and the case dismissed with prejudice.

## Background

In September, October, and November 1986, four women were raped in the Quapaw Quarter area of Little Rock. Officers were given a description of a black male, 5 feet 8

inches tall, 135 to 160 pounds, in his twenties, a large nose, Jheri curl, and a gold chain. *Addison v. State*, 298 Ark. 1, 765 S.W.2d 566 (1989). Late on the evening of December 5, 1986, an officer noticed an individual in the general area of the rapes who fit the description of the rapist. The officer stopped Petitioner, who did not have any identification and gave several reasons for being in the area. Other officers arrived on the scene and informed Petitioner he fit the description of the rape suspect. An officer asked Petitioner to go to the police station, to which Petitioner responded he had no problem with that and asked officers to take him home thereafter. *Id.*

Petitioner arrived at the station with officers around 11:00 p.m., whereupon he was questioned about the rapes. Petitioner gave a statement that he did not rape anyone. *Id.* He agreed to be fingerprinted and photographed, and he was taken home thereafter. *Id.* Police officers subsequently took a photo spread to one of the victims, and she positively identified Petitioner as her attacker. An arrest warrant was issued, and police took Petitioner into custody around 1:35 a.m. the following morning. Petitioner thereafter confessed to the crimes and signed separate statements admitting to each. *Id.* He was later identified by the victim in a live lineup later that day. *Id.*

Authorities charged Petitioner with three counts of rape, three counts of burglary, one count of robbery, and one count of theft of property. He was tried in three separate trials and sentenced to life imprisonment plus 200 years. The cases were consolidated for appeals purposes. On appeal to the Arkansas Court of Appeals, Petitioner alleges three points for reversal, namely (1) his due process right to a fair trial was denied in that his trial proceeded despite there being a bona fide question as to his mental fitness, and that the trial

court erred in (2) refusing to suppress certain custodial statements made to police in that these statements were taken in violation of the Fifth Amendment and (3) refusing to suppress the statements, photographs of him, and in-court identifications because this evidence was taken in violation of the Fourth Amendment. *Addison v. State*, 298 Ark. 1, 765 S.W.2d 566 (1989). The appellate court affirmed Petitioner's conviction on February 20, 1989. Petitioner did not seek further review.

Petitioner filed the instant habeas petition on April 1, 2019. Respondent filed a Response to the petition on May 7, 2019. (Response, Doc. No. 7) Respondent admits Addison is in his custody but denies he is entitled to habeas corpus relief, submitting the claim is time-barred and procedurally defaulted. *Id*.

## Discussion

In the instant petition, Petitioner acknowledges that his petition is untimely, but he asserts his late filing should be excused because he is actually innocent.

### 1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). The year runs from the latest of four specified dates." *Id.* (citing 28 U.S.C. § 2244(d)(1)). The date relevant here is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)). Prisoners like Petitioner whose judgment became final before the AEDPA was enacted, the one-year limitation

period ran from the Act's effective date, April 24, 1996. *Wood v. Milyard*, 566 U.S. 463, 468 (2012).

Here, Petitioner's judgment became final in 1989, and he did not seek federal habeas relief on or before April 24, 1997, one year from the AEDPA's effective date. As such, the petition is time barred unless Petitioner can show he is entitled to equitable tolling.

### 2. Tolling

"[A] 'petitioner' is entitled to 'equitable tolling' only if he shows '(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that section 2244(d)(1), the statute of limitations for section 2254 petitions, is subject to equitable tolling in appropriate cases). Equitable tolling is a flexible doctrine, but "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Petitioner has not shown he is entitled to tolling. He has not alleged any extraordinary circumstances stood in his way and prevented him from filing a timely habeas petition. Nor has he pursued his rights diligently by waiting well over two decades beyond the statute of limitations to file this petition.

### 3. Actual Innocence

Petitioner claims he is actually innocent of rape; he does not appear to challenge convictions for the other named offenses.

The United States Supreme Court has held that actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The *McQuiggin* Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and held that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a Petitioner to come forward with new, reliable evidence not available at trial and that would not have been discovered through the exercise of due diligence. *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015). Here, Petitioner has not come forward with new evidence to establish his actual innocence.

### 4. Procedural Default

Petitioner's claim is also procedurally defaulted. A Petitioner must first "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-89 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A petitioner must present the substance of his federal habeas claim not only in the state trial court, but also in "one complete round of the State's established appellate review process." *Murphy v. King*, 652 F.3d at 848-49; *Grass v. Reitz*, 643 F.3d 579, 584-85 (8th Cir. 2011).

Here, Petitioner failed to present this claim, which is based upon an alleged insufficiency of the evidence to convict for rape, in state court; therefore, it is procedurally defaulted, and he cannot establish the requisite cause and actual prejudice sufficient to excuse the default.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

IT IS THEREFORE RECOMENDED the Petition for Writ of Habeas Corpus, Doc. No. 2, be denied and this habeas case be dismissed, with prejudice. IT IS FURTHER RECOMMENDED a certificate of appealability be denied pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

SO ORDERED THIS 19th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE